UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADAM E. MURPHY,

                      Plaintiff,

-against-

CORRECTION OFFICER PIPER; ORANGE
COUNTY SHERIFFS OFFICE; ORANGE
COUNTY,

                      Defendants.

**OPINION AND ORDER**

No. 24-CV-00561 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Adam E. Murphy ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this action on January 24, 2024. (*See* Doc. 1, "Compl."). He brings claims of excessive force and retaliation against Correction Officer Piper ("Piper") and Orange County[1] (the "County" and together, "Defendants"). By motion dated July 12, 2024, Defendants moved to dismiss the retaliation claim against Piper as well as the claim alleged against the County pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16).[2] Plaintiff did not file any opposition to the motion.[3]

---

[1] Plaintiff also initially named the Orange County Sheriff's Department as a defendant. (*See generally* Compl.). The Court, on February 29, 2024, dismissed Plaintiff's claims against that department and construed Plaintiff's allegations against it as being asserted against Orange County. (Doc. 6).

[2] Defendants did not move to dismiss the excessive force claim alleged against Piper.

[3] Plaintiff filed a letter on June 5, 2024, before Defendants' motion was served and filed. (Doc. 15). The motion was filed on July 12, 2024 and Plaintiff's opposition was due on August 16, 2024. (Doc. 14). The docket indicates that a copy of the Court's Order setting the briefing schedule was mailed to Plaintiff on June 7, 2024. (*See* June 7, 2024 Entry). On July 12, 2024, Defendants filed an affidavit of service indicating service of the motion papers on Plaintiff. (Doc. 20). Plaintiff did not file opposition papers. On August 29, 2024, Defendants filed an affidavit of service indicating service upon Plaintiff of their reply was effectuated as well. (Doc. 22). On August 30, 2024, the Court *sua sponte* extended Plaintiff's time to oppose the motion to September 27, 2024, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by September 27, 2024, the motion would be deemed fully submitted and unopposed. (Doc. 23). The Court's August 30, 2024 Order was mailed to Plaintiff.

1

For the reasons set forth below, Defendants' partial, unopposed motion to dismiss the Complaint is GRANTED.

## BACKGROUND

Plaintiff alleges that, on November 16, 2023, Piper pushed Plaintiff into a staff bathroom behind the officer's desk, "sexually propositioned" him, and then "began to beat [him] with a close[d] fist" for two or more minutes. (Compl. at 4). As a result of the incident, Plaintiff had bruises and swelling on his arms and pain in his ribs and chest. (*Id*. at 5). Plaintiff seeks money damages and injunctive relief in the form of additional training for correction officers. (*Id.*). Plaintiff appears to state that the alleged assault was in retaliation for Officer Wilkens "being fired for being corrupt and smuggling me and other inmates drugs & tobacco." (*Id*. at 7). Plaintiff also appears to state that the incident giving rise to this action "may be" in retaliation for Plaintiff's filing another action in this court against correction officers, titled *Murphy v. Rodriguez*, which currently is pending before Judge Karas under Docket No. 23-CV-06998. (*Id*. at 9-11). Plaintiff is "positive there are several other pending lawsuits" against the defendants who were sued in that matter. (Doc. 15 at 2).

This litigation followed.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

(*See* Sept. 5, 2024 Entry). Thus, as is clear from the docket, Plaintiff was sent Defendants' motion papers as well as two additional documents notifying him that Defendants had moved to dismiss the Complaint. Accordingly, the Court deems the motion fully submitted and ripe for adjudication.

plausible on its face.'"[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

3

pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test

4

the sufficiency of the claims challenged on this motion even without the benefit of formal opposition to the motion.

## ANALYSIS

I. <u>Claim Against the County</u>

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *Lockett v. City of Middletown*, No. 19-CV-08255, 2021 WL 1092357, at *5 (S.D.N.Y. Mar. 22, 2021). Construing the Complaint liberally, as relevant to the instant motion, Plaintiff's claim against the County is grounded in its liability for Piper's alleged constitutional violations under *Monell*. Defendants move to dismiss this municipal liability claim brought against the County under 42 U.S.C. § 1983.

"[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). "Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" *Jimenez v. City of New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original)). Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013)

(quoting *Vippolis v. Vill. of Haverstraw,* 768 F.2d 40, 44 (2d Cir. 1985)). There are several ways in which a Plaintiff can demonstrate that an official policy or custom existed including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Id*. (quoting *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996)).

Plaintiff's claim against the County fails for lack of facts supporting the existence of a municipal policy or practice. *See, e.g.*, *Williams v. Lohard*, No. 20-CV-10571, 2022 WL 269164, at *3-4 (S.D.N.Y. Jan. 28, 2022) (dismissing *Monell* claim where plaintiff plead only a solitary incident and failed to allege any municipal policy, practice or custom); *Smith v. Westchester Cty.*, No. 19-CV-01283, 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019) (dismissing *Monell* claim where plaintiff "describe[d] only his own experiences"); *Oriental v. Vill. of Westbury*, No. 18-CV-03878, 2019 WL 4861413, at *4 (E.D.N.Y. Oct. 2, 2019) (dismissing *Monell* claim where "the complaint contain[ed] only a detailed account of plaintiffs' own experiences").

Here, Plaintiff fails to identify an official policy or custom maintained by the County that allegedly subjected Plaintiff to a violation of his constitutional rights. In fact, Plaintiff lists the County as a Defendant in the Complaint (Compl. at 3), but otherwise makes no further mention of the County. "The scant references to the [County] in the Complaint are wholly insufficient for the Court to find that Plaintiff has alleged an official policy or custom maintained by the [County] that subjected Plaintiff to a violation of his constitutional rights." *Williams*, 2022 WL 269164, at *4.

Further, Plaintiff's citation to "another 1983 civil suit pending right now against several correction officers here in the facility for excessive force" is insufficient. *Williams v. Fryermuth*, No. 23-CV-02156, 2024 WL 4557444, at *5 (S.D.N.Y. Oct. 23, 2024) (citation to other suits that did not "result[ ] in an adjudication of liability" insufficient to establish *Monell* liability); *Calderon v. City of New York*, 138 F. Supp. 3d 593, 612-13 (S.D.N.Y. 2015) ("None of the lawsuits cited resulted in an adjudication or admission of liability and the number of suits does not suggest a pervasive illegal practice."); *Cruz v. City of New York*, No. 15-CV-02265, 2016 WL 234853, at *5 (S.D.N.Y. Jan. 19, 2016) ("The paltry number of complaints (none resulting in an adjudication of liability), spread over a period so long in a city so large, hardly suggests the frequency or pervasiveness of the purported custom that is required to state a *Monell* claim." (quoting *Walker v. City of New York*, No. 12-CV-05902, 2014 WL 1259618, at *3 (S.D.N.Y. Mar. 18, 2014))). Nor can the Court ascertain from the pleadings whether the alleged conduct resembles the purported constitutional violations here and whether such conduct was widespread. "The absence of such detail dooms Plaintiff's Complaint." *Williams*, 2024 WL 4557444, at *6.

Accordingly, the *Monell* claim against the County is dismissed.

II.   Retaliation Claim

Plaintiff's Complaint, read liberally, appears to state that the alleged assault by Piper was in retaliation for Officer Wilkens "being fired for being corrupt and smuggling me and other inmates drugs & tobacco" and "may be" in retaliation for Plaintiff's filing another action in this court. (Compl. at 7, 9-11).

"[T]o sustain a First Amendment retaliation claim, a prisoner must demonstrate the following: (1) that the speech or conduct at issue was protected; (2) that the defendant took adverse action against the plaintiff; and (3) that there was a causal connection between the

protected speech and the adverse action." *Edwards v. Gutwein*, No. 21-CV-03183, 2022 WL 1093558, at *4 (S.D.N.Y. Apr. 7, 2022). The "allegations must support an inference that the protected conduct was 'a substantial or motivating factor for the adverse actions taken by prison officials.'" *Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012). Bearing in mind that "[c]ourts properly approach prisoner retaliation claims with skepticism and particular care[ ] because virtually any adverse action taken against a prisoner by a prison official . . . can be characterized as a constitutionally proscribed retaliatory act," *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003), "[c]onclusory allegations will not suffice; instead, a prisoner's claim for retaliation must be supported by specific and detailed factual allegations," *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 517 (S.D.N.Y. 2012).

As an initial matter, the allegation concerning Officer Wilkens fails to set forth any protected activity taken by Plaintiff. The Complaint states only that Officer Wilkens was "fired for being corrupt and smuggling me and other inmates drugs & tobacco." (Compl. at 7). Even if Plaintiff had alleged a protected activity—as opposed to the mere receipt of contraband resulting in Officer Wilkens' termination—Plaintiff fails to plead a causal connection between Officer Wilkens' termination and Piper's alleged conduct. With respect to Plaintiff's allegation that the incident described in the Complaint was in retaliation for his commencement of a lawsuit, the Complaint fails to sufficiently allege a causal connection between the alleged adverse action by Piper, and Plaintiff's unrelated suit against other correction officers. (Compl. at 9-11 ("pending case . . . [d]ifferent [i]ssue")). Plaintiff simply does not set forth any facts in the Complaint to support his claims of retaliation. "Where, as here, the plaintiff alleges the ultimate fact of retaliation in a conclusory and speculative manner, he fails to state a claim for retaliation." *Dorsey*, 468 F. App'x at 27.

**CONCLUSION**

Based on the foregoing, Defendants' partial, unopposed motion to dismiss is GRANTED. Plaintiff's claim against the County is dismissed and his retaliation claim against Piper is dismissed.

Plaintiff may file an amended complaint, addressing the pleading deficiencies discussed herein, within 30 days of the date of this Order. Plaintiff is reminded that if he does choose to file an amended complaint, the amended complaint will completely replace, not supplement, the original complaint, and any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. In the event that Plaintiff does not file an amended complaint within 30 days, this case will proceed on the excessive force claim alleged in the Complaint against Piper.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 16), terminate the County of Orange as a Defendant in this action, and to mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED:

Dated: White Plains, New York
       January 4, 2025

_____
Philip M. Halpern
United States District Judge