UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADAM E. MURPHY,

                       Plaintiff,

-against-

CORRECTION OFFICER PIPER; ORANGE COUNTY SHERIFFS OFFICE; ORANGE COUNTY,

                       Defendants.

**ORDER**

No. 24-CV-00561 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

The Court was first advised on July 28, 2025 by letter from Defendant that Plaintiff had not responded to various discovery demands served upon him, nor had he completed initial disclosures which were due by May 12, 2025. (Doc. 36). On July 29, 2025, the Court scheduled a pre-motion conference for August 28, 2025 to discuss Defendant's anticipated motion to compel. (Doc. 38).

On August 28, 2025, defense counsel appeared for the conference but Plaintiff did not appear. The Court rescheduled the conference to September 16, 2025, directed Plaintiff to serve responses to the extant discovery demands by September 18, 2025, and annexed a copy of the *Pro Se* Discovery Guide for Plaintiff's reference. (Doc. 40). The Court warned Plaintiff that if he fails to appear on the rescheduled date of this conference, and/or fails to participate in discovery in this matter, he may face the imposition of sanctions including the dismissal of this action. (*Id.*).

On September 9, 2025, Plaintiff filed a letter advising the Court that he had been arrested. (Doc. 41). He wrote that he would "be here at the Northampton County Jail in Easton PA or the Broome County Jail in Binghampton New York." (*Id.*). The envelope attached to his letter reflected an address for the Northampton County Jail in Phoenix, Maryland. (*Id.* at 2). Plaintiff did not appear for the September 16, 2025 conference. In light of Plaintiff's failure to comply with the

Court's orders, failure to appear for scheduled conferences, and failure to keep the Court apprised of his address, the Court issued an order directing Plaintiff to show cause in writing by September 30, 2025, why this action should not be dismissed; and warned that failure to comply with the Court's order would result in dismissal of this case. (Doc. 42). The conference was also adjourned to October 14, 2025, and the Clerk of Court was directed to mail a copy of that order to Plaintiff's address listed on ECF as well as the addresses for the facilities he identified in his September 9, 2025 correspondence. (*Id.*). Plaintiff did not file anything by the September 30, 2025 deadline. The Court has received a number of notices that mailings sent to Plaintiff by the Clerk of Court were returned to sender. (*See* Oct. 28, 2025 Dkt. Entry; *see also* Oct. 31, 2025 Dkt. Entries; Nov. 3, 2025 Dkt. Entries).

The Court directed Defendant to file and serve an affidavit bringing current all attempts to obtain discovery from Plaintiff, annexing proof of service, and any other information and/or documents pertinent to its request to move to compel compliance with discovery by October 21, 2025. (Doc. 43). Plaintiff's response to Defendant's affidavit was due by October 31, 2025. (*Id.*).

On October 20, 2025, Defendant complied with the Court's directive and filed the affidavit and exhibits as directed. (Doc. 44). Plaintiff has not responded to Defendant's affidavit, and the Court has not received any communication from Plaintiff to date.

## **STANDARD OF REVIEW**

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he

Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to comply with the Court's orders since July 29, 2025. As set forth *supra*, the Court has issued at least four orders scheduling and rescheduling conferences in light of Plaintiff's failure to attend; and warning Plaintiff that failure to appear for conferences and/or otherwise participate in this lawsuit would result in dismissal of this action. (Docs. 38, 40, 42, 43). Plaintiff's failure to comply with the Court's directives over four months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. The Court warned Plaintiff, in its prior written orders, that his failure to appear for conferences, participate in discovery in this matter, and otherwise comply with the Court's orders would result in dismissal of his case. (*See* Docs. 40, 42, 43). Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Plaintiff has not

4

complied with the Court's directives and has not taken any steps to advance this matter for more than four months. Moreover, Plaintiff has brought the litigation to a standstill because of his failure to participate in discovery and respond to Defendant's document demands.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). The Court has issued multiple directives pressing Plaintiff to respond to discovery in this matter, comply with the Court's orders, and otherwise participate in this lawsuit. Plaintiff has not kept the Court apprised of his address and has not complied with the Court's directives.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff continues to disregard the Court's orders and appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice.

The conference scheduled for November 24, 2025 is cancelled.

The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff at the address listed on ECF, as well as the following addresses:

Northampton County Prison
6684 Mountain View Drive
Easton, PA 18040

Broome County Correctional Facility
155 Lt Vanwinkle Drive
Binghamton, NY 13905

**SO ORDERED:**

Dated:   White Plains, New York
         November 13, 2025

_____
PHILIP M. HALPERN
United States District Judge